**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 21-cv-21484-MORENO/GOODMAN**

CAR BODY LAB INC.,

      Plaintiff,

v.

LITHIA MOTORS, INC.,

      Defendant.

_____/

**REPORT & RECOMMENDATIONS ON**
**<u>DEFENDANT'S MOTION TO DISMISS</u>**

Plaintiff, Car Body Lab, Inc., filed a Complaint against Defendant, Lithia, Inc.,

alleging trademark violations under the Lanham Act (and other federal and state claims)

for Lithia's purported infringing use of Car Body's registered DRIVEWAY mark in

Lithia's automotive repair business. [ECF No. 1]. Lithia filed a motion to dismiss, Car

Body filed an opposition response, and Lithia filed a reply. [ECF Nos. 34, 58, 73].

United States District Judge Federico A. Moreno referred all pretrial proceedings

to the Undersigned. [ECF No. 36].

For the reasons discussed below, the Undersigned **respectfully recommends** that

Judge Moreno **grant** the motion without prejudice and permit Car Body to file an

amended complaint within ten days. The Complaint [ECF No. 1] is, in fact, an

impermissible "shotgun pleading," as it incorporates every previous allegation in the Complaint into every count. In addition, Car Body's statutory state law claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") is deficient for failing to adequately allege harm to consumers.

**Factual Background**

Car Body's Complaint alleges five counts.

Count I, for Trademark Infringement, begins at numbered paragraph 30, which "incorporates into this Count by reference *all* averments set forth herein as though fully re-written herein at length." [ECF No. 1, p. 8] (emphasis added).

Count II, for Trademark Counterfeiting, begins at numbered paragraph 52, which "incorporates into this Count by reference *all* averments set forth in this Complaint as though fully re-written here at length." *Id.* at p. 11 (emphasis added).

Count III, for False Designation and Unfair Competition, begins at numbered paragraph 66, which "incorporates into this Count by reference *all* averments set forth in this Complaint as though fully re-written here at length." *Id.* at p. 13 (emphasis added).

Count IV, for Violations of Florida's Deceptive and Unfair Trade Practices Act, begins at numbered paragraph 72, which "incorporates into this Count by reference *all* averments set forth in this Complaint as though fully re-written here at length." *Id.* at p. 14 (emphasis added).

Count V, for Common Law Trademark Infringement and Unfair Competition,

begins at numbered paragraph 78, which "incorporates into this Count by reference *all* averments set forth in this Complaint as though fully re-written here at length." *Id.* at p. 14 (emphasis added).

Numbered paragraph 6, included in the "General Allegations," alleges that Lithia's "unlawful acts cause a likelihood of consumer confusion." *Id.* at p. 3.

Numbered paragraph 28, also part of the "General Allegations," alleges that "[a]bsent immediate judicial intervention, Lithia will continue its infringing and unlawful actions that are harming Car Body, that create a substantial risk of irreparable harm to Car Body, and that pollute the marketplace with a likelihood of consumer confusion." *Id.* at p. 7.

Numbered paragraph 74, included in the FDUTPA count, alleges that Car Body has been damaged by Lithia's violations. *Id.* at p. 14.

## Applicable Legal Principles and Analysis

### The "Shotgun Pleading" Rule

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2).

Rule 10(b) further provides:

A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or

occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed R. Civ. P. 10(b). Complaints that violate either **Rule 8(a)(2)** or **Rule 10(b)**, or both, are often disparagingly referred to as "shotgun pleadings." *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).

In *Weiland*, the Eleventh Circuit Court of Appeals identified four categories of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;" (2) "a complaint . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) a complaint "that commits the sin of not separating into a different count each cause of action or claim for relief;" and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." 792 F.3d at 1321–23.

"The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

The Eleventh Circuit's *Weiland* principles do not categorize complaints as shotgun pleadings where "[t]he allegations of each count are not rolled into every successive count down the line." *Burke v. Custom Marine Group*, 847 Fed. Appx. 578, 581 (11th Cir.

4

2021) (quoting *Weiland*, 792 F.3d at 1323).

Because Car Body's Complaint does, in fact, roll all allegations into every successive count, it violates the first, and most-common, type of impermissible shotgun pleading. The Undersigned, therefore, **respectfully recommends** that Judge Moreno dismiss the Complaint without prejudice, with leave to amend.

<u>FDUTPA</u>

Dismissal is proper under Federal Rule of Civil Procedure 12(b)(6) when the complaint does not contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Karina Merino v. Ethicon Inc, et al.*, No. 20-25308-CIV, 2021 WL 1749967, at *2 (S.D. Fla. May 4, 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Only a complaint that states a plausible claim for relief can survive a motion to dismiss. *Karina Merino,* 2021 WL 1749967, at *2.

Importantly, a plaintiff's duty to provide the grounds of its entitlement to relief requires more than mere labels and conclusions; and a formulaic recital of the elements of a cause of action is not enough. *Twombly*, 550 U.S. at 555. To meet this "plausibility standard," a plaintiff must allege factual allegations that allow the court to draw the reasonable inference that the defendant is liable. *Karina Merino,* 2021 WL 1749967, at *3. As such, a mere possibility that the defendant acted in an unlawful manner is insufficient to survive a motion to dismiss. *Id.*

5

A plaintiff alleging a violation of FDUTPA must allege that the conduct in question is likely to cause actual harm to the end consumer. *See J.G.G. Tobacco Holding Co., Inc. v. Antigua Esteli Tobacco, Corp.*, No. 19-23732, 2020 WL 4926582, at *5 (S.D. Fla. May 20, 2020) ("Defendants have not asserted sufficient factual allegations to state a claim under FDUTPA. Consumer harm or injury is a necessary element of a FDUTPA claim.").

While an entity other than a consumer can bring a FDUTPA claim, harm to consumers is still a required element. *CEMEX Constr. Materials Florida, LLC v. Armstrong World Indus., Inc.*, No. 3:16-cv-186, 2018 WL 905752, at *15 (M.D. Fla. Feb. 15, 2018) ("That an entity other than a consumer can bring a FDUTPA claim does not mean, however, that '[h]arm to consumers is not required' as suggested by [the defendant] . . . . To the contrary *Caribbean Cruise Line*[1] unequivocally instructs that a plaintiff must 'prove that there was injury or detriment to consumers in order to satisfy all the elements of a FDUTPA claim.'"); *Sandshaker Lounge & Package Store LLC v. RKR Bev. Inc.*, No. 3:17-cv-00686, 2018 WL 7351689 (N.D. Fla. Sept. 27, 2018) (dismissing plaintiff's FDUTPA claim for failure to allege consumer injury).

The Complaint does not specifically allege harm to consumers. The closest Plaintiff gets is in its generic allegation that Lithia's conduct has "caused consumer confusion." [ECF No. 1, p. 10]. But this is not sufficient. *See CEMEX*, 2018 WL 905752 at *1. These

---

[1]     *Caribbean Cruise Line, Inc. v. Better Bus. Bureau of Palm Beach Cnty., Inc.*, 169 So. 3d 164, 168–69 (Fla. 4th DCA 2015)

pleading deficiencies are fatal to Plaintiff's FDUTPA claim. *See Sandshaker Lounge*, 2018 WL 7351689 (dismissing plaintiff's FDUTPA claim for failure to allege consumer injury).

Car Body argues its allegation of likelihood of confusion is the equivalent of consumer harm required by FDUTPA. The Undersigned is not convinced. Even if there is a likelihood of confusion, it is not necessarily always true that consumers have, in fact, been harmed. *See CEMEX*, 2018 WL 905752, at *16 (dismissing FDUTPA count in Second Amended Counterclaim because allegations that consumers may have been confused about whether plaintiff and defendant were related were not sufficient to support the requirement of alleging consumer harm).

## Conclusion

The Undersigned **respectfully recommends** that Judge Moreno **grant** Lithia's motion to dismiss without prejudice and give Car Body 10 days to file an amended complaint.

## Objections

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge Federico A. Moreno. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to

factual and legal conclusions contained in this Report except upon grounds of plain error, if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2020).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on June 22, 2021.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

<u>Copies furnished to</u>:
The Honorable Federico A. Moreno
All counsel of record